**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30138 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00049-JLR |
| v. | |
| JIAN LI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted November 9, 2012[**]
Seattle, Washington

Before:    W. FLETCHER and FISHER, Circuit Judges, and QUIST, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gordon J. Quist, Senior United States District Judge
for the Western District of Michigan, sitting by designation.

Jian Li appeals his conviction for making a false statement or representation to the United States government in violation of 18 U.S.C. § 1001. We reject his arguments and affirm. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review a district court's interpretation of a statute de novo. *United States v. Cabaccang*, 332 F.3d 622, 624-25 (9th Cir. 2003) (en banc). Whether a person is in custody and thus is entitled to *Miranda* warnings is a "mixed question of law and fact warranting de novo review." *United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009) (quoting *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002)); *see also Miranda v. Arizona*, 384 U.S. 436 (1966). "The admission of statements made in violation of a person's *Miranda* rights is reviewed for harmless error." *United States v. Williams*, 435 F.3d 1148, 1151 (9th Cir. 2006) (quoting *United States v. Butler*, 249 F.3d 1094, 1098 (9th Cir. 2001)).

A statement or representation is material for purposes of 18 U.S.C. § 1001(a)(2) if it is "calculated to induce action or reliance" by another or "has a natural tendency to influence" another's decisions. *United States v. De Rosa*, 783 F.2d 1401, 1408 (9th Cir. 1986). A false statement need not actually influence a government agency nor need the agency actually rely on a false statement for it to be material. *United States v. Boone*, 951 F.2d 1526, 1545 (9th Cir. 1991); *United States v. Vaughn*, 797 F.2d

1485, 1490 (9th Cir. 1986). Li's false statements to Officer Harms and presentation of a passport obtained by fraudulent means are material for purposes of § 1001(a)(2).

The evidence presented to the district court was sufficient for it to conclude that Li obtained the passport by fraudulent means in violation of 18 U.S.C. § 1542, and Li does not appeal that conviction. Li presented the passport to gain admission to the United States under the guise of a person with a different name and date of birth. This is sufficient to constitute a false representation to the United States government for purposes of 18 U.S.C. § 1001(a)(2).

Finally, because Li's presentation of a fraudulently obtained passport also constitutes a materially false representation, even if Li's statements to Officer Harms were admitted in violation of *Miranda*, 384 U.S. 436, the admission would be harmless error.

**AFFIRMED.**